UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILKELY JOSE CORDOVA LEAL, A-240-308-019, A-244-011-495,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

No. 1:26-cv-06274 DAD AC

FINDINGS & RECOMMENDATIONS

Petitioner, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. Construed liberally, petitioner argues his prolonged detention without a bond hearing violates his federal due process rights under the Fifth Amendment. Id. As discussed below, the court recommends that petitioner's request for habeas relief be granted, and that petitioner be immediately released.

I. Factual Background

Petitioner is a native and citizen of Venezuela. ECF No. 5 at 4 (Form I-862 Notice to Appear dated January 20, 2023). He applied for admission to the United States at the Paso Del Norte Port of Entry in El Paso, Texas, on January 20, 2023, and was paroled into the United

States pursuant to Section 212(d)(5) of the Immigration and Nationality Act ("INA") for urgent humanitarian reasons or significant public benefit. Id. at 10-11 (Form I-213). A Notice to Appear was also issued on the same date, January 20, 2023. ECF No. 5 at 4-7. In February 2024, an immigration judge ("IJ") granted the parties' joint motion to dismiss and canceled petitioner's 2023 Notice to Appear pursuant to 8 CFR § 1239.2(c). ECF No. 5 at 15. Petitioner has no criminal history and is married with an infant daughter who is a United States citizen. Id.

Petitioner was detained by ICE on July 16, 2026. ECF No. 1 at 1. He was issued a second Notice to Appear charging him as removable pursuant to Section 212(a)(7)(A)(i)(I) of the INA. Petitioner asserts that to date, he has not received a custody hearing and is currently confined at the California City Immigration Processing Center. ECF No. 1 at 1.

## II. Procedural History

The court received petitioner's petition for writ of habeas corpus on August 7, 2026. ECF No. 1. Liberally construed, petitioner asserts that his prolonged detention without a bond hearing violates his federal due process rights. Id. at 2. Petitioner further asserts that ICE may be "relying on the identity or A-Number of his twin brother," which "undermines the legality of petitioner's detention[.]" Id. Finally, petitioner asserts that his detention has imposed extraordinary hardship on his wife and infant daughter, whose ongoing medical needs require his support and presence. Id.

On August 11, 2026, the undersigned directed respondents to show cause why the writ should not be granted, including by substantively addressing whether there are any factual or legal issues that materially distinguish this case from the court's prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), Mejia Parada v. Chestnut, No. 1:26-cv-1564 DAD JDP, 2026 WL 555479 (E.D. Cal. Feb. 27, 2026), Vilcape Garate v. Chestnut, No. 1:26-cv-1472 DAD SCR, 2026 WL 524661 (E.D. Cal. Feb. 25, 2026), and other similar cases previously decided by this court. ECF No. 4. The court advised respondents that "the court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id. Respondents were further directed to provided "petitioner's Form-213 for each immigration encounter, any orders of release

or detention, any custody warrants, notices or decisions, and if respondents dispute any factual representations in the operative petition, any and all documents necessary to support their view of the facts." Id.

Respondents opposed the habeas petition, arguing that because petitioner was previously paroled into the United States, he is an "applicant for admission" subject to mandatory immigration detention under 8 U.S.C. § 1225(b), and therefore does not possess a right to freedom from immigration detention in any form other than what is provided by Congress. ECF No. 5 at 1-2 (citing DHS v. Thuraissigiam, 591 U.S. 103, 139 (2020)). However, respondents also conceded that "this case is in the category of immigration cases for which the Court has typically ordered immediate release on due process grounds." Id. at 2. As a result, respondents asked "to submit on this pleading alone without additional documentation or briefing and request that the Court rule on the pleading in its entirety." Id. With respect to the cases specifically identified in the Court's Minute Order, respondents asserted petitioner's case is distinguishable because "he was paroled into the United States" and not "apprehended in the interior of the United States" like the "petitioners in the cases cited in the Court's order." Id. at 1. Respondents' submission included only petitioner's January 2023 Notice to Appear, his January 2023 Form I-213, and the IJ's February 2024 Order as exhibits, but no documentation explaining or supporting the legal basis for petitioner's 2026 detention. Id. at 3-17.

Petitioner's reply brief reiterated his due process claims, as well as his concern that he was "at one point detained and/or processed using identifying information associated with his twin brother." ECF No. 6 at 1. He also stated that as of August 24, 2026, he had still not had a bond hearing or a meaningful opportunity to demonstrate he is not a danger to the community and does not present a flight risk, as he wishes to reunite with his family in the United States. Id.

On August 31, 2026, after mail from the court to petitioner was returned as undeliverable, the court checked the Immigration and Customs Enforcement Online Detainee Location System and was unable to locate petitioner using his assigned A-number. ECF No. 7. Furthermore, the court reviewed the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage and noted the EOIR did not reflect any immigration proceedings currently

pending against petitioner by the Department of Homeland Security.[1] Id. As noted above, the records submitted by respondents with their opposition included only the 2023 Notice to Appear that was subsequently canceled by an IJ pursuant to 8 CFR § 1239.2(c) in February 2024. Id. Because respondents had failed to identify any recent Notice to Appear or legal basis for petitioner's current detention, or respond to petitioner's allegation that ICE has been relying on the A-number of petitioner's twin brother, the Court issued a Minute Order directing respondents to show cause why petitioner should not be immediately released and directing that respondents' submission "include a factual summary and supporting documentation of any current immigration proceedings pending against petitioner. Respondents shall also identify whether petitioner has already been released and/or transferred, and if so, when and where." Id.

Respondents declined to comply with the Court's directive. ECF No. 8. Respondents did not supplement their prior submission, except to state summarily that "[a]ccording to Respondent's records, Petitioner is presently in custody and appears to have two A numbers" and "Respondents' records do not show that the A number belongs a twin." ECF No. 8. Respondents attached petitioner's July 16, 2026 Notice to Appear, which had not previously been submitted despite clear instructions regarding necessary documenation, and two EOIR printouts reflecting two different A-numbers associated with petitioner's name.[2] Id. at 3-5, 8-13.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas

---

[1] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] A# 240-308-019 reflects that petitioner has no future hearings scheduled, but does have current pending immigration proceedings. Id. at 8-9.

proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV. Discussion

Respondents have presented no factual or legal issues that materially distinguish this case from the court's prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), Mejia Parada v. Chestnut, No. 1:26-cv-1564 DAD JDP, 2026 WL 555479 (E.D. Cal. Feb. 27, 2026), Vilcape Garate v. Chestnut, No. 1:26-cv-1472 DAD SCR, 2026 WL 524661 (E.D. Cal. Feb. 25, 2026), or any other similar cases previously decided by this court. Contrary to respondents' assertion that these three cases differ from petitioner's case because "he was paroled into the United States" and not "apprehended in the interior of the United States" like the "petitioners in the cases cited in the Court's order" (ECF No. 5 at 1), none of the cited cases involved petitioners who were apprehended in the interior of the United States without prior contact with DHS. Rather, all three cases involved the detentions of noncitizens previously released by DHS, like petitioner. Accordingly, respondents have not identified any factual or legal issues that materially distinguish this case from the court's prior orders. Respondents also conceded that "this case is in the category of immigration cases for which the Court has typically ordered immediate release on due process grounds." ECF No. 5 at 2.

The undersigned therefore adopts and incorporates by reference the reasoning in Ayala Cajina, Mejia Parada, and Vilcape Garate, and finds that petitioner's due process rights were violated by his re-detention without a hearing before a neutral adjudicator at which the government was required to justify his re-detention by clear and convincing evidence. Because relief is appropriate on petitioner's due process claim alleging unlawful detention without a bond hearing, the court declines to address petitioner's other arguments, as they seek the same or similar relief (*i.e.*, petitioner's immediate release).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
   a. Respondents shall IMMEDIATELY RELEASE petitioner Wilkely Jose Cordova

Leal, A-240-308-019, A-244-011-495, under the same conditions to which he was subject immediately prior to his detention on July 16, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.

b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his July 16, 2026 detention.

3. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 10, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE